# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

STEVEN J. COOPER,                )
                                 )
        Petitioner,              )      C. C. A. NO. 02C01-9801-CR-00008
                                 )
vs.                              )      SHELBY COUNTY
                                 )
STATE OF TENNESSEE,              )      No. P-19218
                                 )
        Respondent.              )

FILED

April 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to dismiss, or in the alternative, to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. This case represents the appeal of the trial court's dismissal of the petitioner's petition for post-conviction relief. The record was filed on March 2, 1998, and on March 13, 1998, the petitioner filed "motion to vacate and set aside sentence imposed," which shall be treated as his appellate brief.

The petitioner pled guilty to robbery on April 10, 1995. On December 1, 1995, the petitioner was placed on probation for three years. In May 1997, the petitioner's probation was revoked. The petitioner consented to the revocation but claimed there was an error regarding his original sentence. The guilty plea and judgment sheet reflect that the petitioner was sentenced to eight years imprisonment. The petitioner claims, however, that he agreed to a three year sentence, as reflected by the probation order and attorney affidavit. After a hearing in June 1997, wherein a tape of the guilty plea hearing was played for the petitioner, the petitioner again consented to the revocation of his probation and agreed to serve his sentence. The petitioner did not appeal this ruling.

On December 8, 1997, the petitioner filed a petition for post-conviction. Finding that the petitioner did not present a valid post-conviction claim and waived any

complaint to his guilty plea by consenting to the probation revocation, the trial court dismissed the petition without a hearing or appointment of counsel. On appeal from that dismissal, the petitioner contends the judgment should be corrected to reflect that he received a three year sentence rather than an eight year sentence as a result of his guilty plea. The state contends the petition was properly dismissed.

Pursuant to T.C.A. § 40-30-202(a)[1], a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See T.C.A. § 40-30-202(b). The petition in this case was filed well beyond the applicable statute of limitations, and is, therefore, untimely.[2] Accordingly, the post-conviction court was without jurisdiction to consider this petition, id., and the petition, therefore, was properly dismissed without an evidentiary hearing. T.C.A. § 40-30-206(b).

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of April, 1998.

---

[1] The petition in this case was filed on December 8, 1997, and is therefore governed by the provisions of the 1995 Post-Conviction Procedure Act. See Compiler's Notes, T.C.A. § 40-30-201 (1997).

[2] Because the old three year statute of limitations had not expired on the effective date of the new act, the petitioner had until May 10, 1996, in which to file his petition for post-conviction relief. See Compiler's Notes, T.C.A. § 40-30-201 (1997); Maney v. State, 03C01-9612-CR-00470 (Tenn. Crim. App., Oct. 10, 1997). The petition in this case, however, was filed beyond that date.

2

_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE