IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE, v. MELL THOMAS BRUTON.

**Direct Appeal from the Criminal Court for Davidson County
No. 98-B-1163 Cheryl Blackburn, Trial Judge**

**No. M1999-00956-CCA-R3-CD - Decided April 7, 2000**

In June 1998, the appellant, Mell Thomas Bruton,[1] pled guilty to one (1) count of aggravated assault and received a sentence of six (6) years as a Range II offender.[2] The trial court ordered that the appellant be placed on community corrections after serving six (6) months of his sentence. In July, a warrant was filed against the appellant alleging that he had violated two conditions of his community corrections sentence. After an evidentiary hearing, the trial court revoked the appellant's community corrections sentence and re-sentenced him as a Range II offender to nine (9) years incarceration. On appeal, the appellant claims that the trial court erred in revoking his community corrections sentence and in increasing his sentence to nine (9) years. Because we find that the appellant was not eligible for community corrections in the first instance, and further that, in any event, ample reason exists to revoke the appellant's community corrections placement and increase his sentence, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Davidson County Criminal Court is Affirmed**

SMITH, J., delivered the opinion of the court, in which HAYES, J., and OGLE, J., joined.

Terry J. Canady, Madison, Tennessee, for the appellant, Mell Thomas Bruton

Paul G. Summers, Attorney General and Reporter, Lucian D. Geise, Assistant Attorney General, for the appellee, State of Tennessee

---

[1] The indictment listed the following aliases for the appellant: Mel Thomas Bruton, Melvin Thomas Bruton, and Anthony Bruton.

[2] Although not pertinent to this appeal, the appellant also pled guilty to one (1) count of resisting arrest and received a suspended six (6) month sentence for that offense.

**OPINION**

**I.**

On January 15, 1998, the appellant and the victim, Beatrice Gordon, were involved in a physical altercation where the appellant struck the victim with a rubber hammer. The victim sustained a broken left arm as a result of the blow. The appellant pled guilty in June to one (1) count of aggravated assault and received a six (6) year sentence as a Range II offender. The trial court ordered that the appellant be placed in community corrections after serving six (6) months of his sentence.

In July a warrant was filed against the appellant alleging that the appellant had violated two (2) conditions of his community corrections sentence[3]. Specifically, the warrant alleged that the appellant violated the conditions of his community corrections sentence by being arrested for assault. The warrant also stated that the appellant violated a special condition of his community corrections sentence by failing to stay away from the victim, Beatrice Gordon.

At the community corrections revocation hearing, Gordon testified that, several days after the appellant was released from incarceration, he went to her home, without invitation, and assaulted her. As a result of the assault, the victim sustained bruises on her arm, the lower part of her back and her legs.

The trial court determined that the state had proven by a preponderance of the evidence that the appellant violated the terms of his community corrections sentence by assaulting the victim. After revoking the appellant's community corrections sentence, the trial court re-considered the appellant's sentence. The court found three (3) enhancement factors to be applicable to the appellant's conviction for aggravated assault: (1) the appellant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); (2) the appellant has a "previous history of unwillingness to comply with the conditions of a sentence involving release in the community," Tenn. Code Ann. § 40-35-114(8); and (3) the appellant used a deadly weapon in the commission of the offense, Tenn. Code Ann. § 40-35-114(9). The trial court found no mitigating factors to be applicable. After considering the relevant factors, the trial court re-sentenced the appellant as a Range II offender to a term of nine (9) years incarceration for aggravated assault.

From the trial court's ruling, the appellant now brings this appeal.

**II.**

Although not raised by either party, this Court notes that the appellant was statutorily ineligible for a sentence in community corrections. Under Tenn. Code Ann. § 40-36-106(a)(2),

---

[3]Due to pretrial jail credits, the appellant was released from incarceration approximately one (1) month after he was sentenced.

persons who commit "crimes against the person" are not eligible for community corrections. Aggravated assault is an offense against the person. *See* Tenn. Code Ann. § 39-13-102(a)(1)(A).

Thus, as a general rule, this Court would affirm the revocation of the community corrections sentence and remand this case to the trial court to determine whether the plea bargain was conditioned upon the illegal provision that the appellant receive community corrections and, if so, allow the appellant to withdraw his plea of guilty. *See* State v. Jon Connors, a.k.a. Jon Robert Connors, C.C.A. No. 03C01-9506-CC-00176, 1996 Tenn. Crim. App. LEXIS 785, at *2, Blount County (Tenn. Crim. App. filed December 17, 1996, at Knoxville). However, in this case, the appellant received the benefit of the community corrections sentence, but failed to comply with the conditions of that alternative sentence. Thus, the appellant received the "benefit of his bargain" when he was sentenced pursuant to the plea agreement. *See* State v. Kenneth W. Ervin, C.C.A. No. 03C01-9707-CC-00311, 1998 Tenn. Crim. App. LEXIS 1037, at *6, Blount County (Tenn. Crim. App. filed October 2, 1998, at Knoxville) (Peay, J., dissenting). Therefore, we do not believe that the facts of this case necessitate a remand.

**III.**

The appellant argues that there is insufficient evidence in the record that the appellant violated the terms of his community corrections sentence. We disagree.

In a revocation proceeding, the state has the burden of proving the violation by a preponderance of the evidence. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). A trial court may revoke a defendant's community corrections sentence "at any time due to the conduct of the defendant . . . and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed." Tenn. Code Ann. § 40-36-106(e)(4). Before the trial court may revoke community corrections, the record must contain sufficient evidence to permit the court to make an intelligent and conscientious decision. State v. Harkins, 811 S.W.2d at 82. On appeal, the trial court's order revoking a community corrections sentence is subject to reversal only upon a showing of an abuse of discretion. Id. In order for this Court to find an abuse of discretion, we must determine that the record contains no substantial evidence sufficient to support the trial judge's conclusion that the appellant violated the terms of his sentence. Id.

The victim testified that, several days after he was released, the appellant came to her home and assaulted her. The assault resulted in bruises on the victim's arm, back and legs. As a condition of community corrections, the appellant was ordered to stay away from the victim. Thus, by merely walking into the victim's home, the appellant violated the conditions of his sentence.

Secondly, the appellant violated his community corrections sentence by committing a criminal offense, i.e., assault. The appellant argues that the victim's uncorroborated testimony that an assault occurred is insufficient to support the trial court's determination that he violated community corrections. However, the trial court need only find by a preponderance of the evidence that he violated the terms of his sentence. The victim's uncontradicted testimony was clearly sufficient to meet that burden.

The evidence in the record supports the trial court's decision to revoke the appellant's community corrections sentence. As a result, we find no abuse of discretion. This issue is without

-3-

merit.

## IV.

The appellant also argues that the trial court erred in increasing his sentence from six (6) years to nine (9) years after revoking his community corrections sentence. Initially, this Court notes that, aside from his bare assertion that the trial court erred in increasing his sentence, the appellant has failed to provide argument in support of this issue. Therefore, the appellant has waived this allegation due to his failure to provide argument in support of this allegation. Tenn. Ct. Crim. App. Rule 10(b); Tenn. R. App. P. 27(a)(7).

Nevertheless, we will briefly consider the issue on its merits. Under Tenn. Code Ann. § 40-36-106(e)(4), after revoking a defendant's community corrections sentence, the trial court has the authority to re-sentence the defendant. A sentence imposed pursuant to this provision may exceed the length of the sentence initially imposed by the trial court without offending principles of double jeopardy under the federal and state constitutions. State v. Griffith, 787 S.W.2d 340, 341-42 (Tenn. 1990). "[W]hen a trial court opts to impose a sentence which exceeds the length of the initial sentence based on a breach of the terms of the sentence, the trial court must conduct a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act of 1989." State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996); *see also* State v. Cooper, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998).

In conducting a review of the sentence imposed by the trial court, this Court is guided by certain well-established principles. Our review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). In conducting a review of the sentence, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

In re-sentencing the appellant, the trial court found three (3) enhancement factors to be applicable to his conviction for aggravated assault: (1) the appellant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); (2) the appellant has a "previous history of unwillingness to comply with the conditions of a sentence involving release in the community," Tenn. Code Ann. § 40-35-114(8); and (3) the appellant used a deadly weapon in the commission of the offense, Tenn. Code Ann. § 40-35-114(9). The court found no applicable mitigating factors.

We find that the trial court properly applied the above enhancement factors. First, the appellant has a long criminal history, extending over ten (10) years. *See* Tenn. Code Ann. § 40-35-114(1). Secondly, the presentence report indicates that the appellant previously committed criminal

offenses while on some form of release for other crimes. *See* Tenn. Code Ann. § 40-35-114(8). Finally, the appellant pled guilty to aggravated assault causing serious bodily injury; therefore, the fact that he used a deadly weapon, i.e., a hammer, during the commission of the offense may be considered in enhancement. *See* Tenn. Code Ann. § 40-35-114(9).

After determining that no mitigating factors applied, the trial court imposed a Range II sentence of nine (9) years for aggravated assault, a Class C felony. After reviewing the record, we conclude that the sentence imposed by the trial court was appropriate.

This issue has no merit.

## V.

The trial court properly revoked the appellant's community corrections sentence. Moreover, on re-sentencing, the court imposed an appropriate sentence of nine (9) years incarceration. Accordingly, the judgment of the trial court is affirmed.