IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE, v. ARCENTA VAN HARRISON.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-A-577      Seth Norman, Judge**

---

**No. M1999-01184-CCA-R3-CD - Decided April 7, 2000**

---

The appellant, Arcenta Van Harrison, pled guilty in the Davidson County Criminal Court to three (3) counts of theft of property over $500 and two (2) counts of theft of property over $1,000. The trial court sentenced the appellant to concurrent terms of four (4) years for the theft over $500 counts as a Range II offender and eight (8) years for the theft over $1,000 counts as a Range III offender. The trial court ordered that the appellant serve his sentence on community corrections. A warrant was subsequently issued alleging that the appellant had violated the terms of his community corrections sentence. After an evidentiary hearing, the trial court revoked community corrections and re-sentenced the appellant to an effective term of nine (9) years incarceration. On appeal, the appellant contends that: (1) the trial court erred in revoking his community corrections; (2) the trial court erred in enhancing his sentence to nine (9) years; and (3) the trial court imposed illegal sentences for three (3) of his convictions. After a review of the record before this Court, we conclude that the trial court did not err in revoking the appellant's community corrections sentence; and we affirm that portion of the trial court's judgment. However, because the trial court did not conduct an appropriate sentencing hearing, before increasing the appellant's sentence, we reverse and remand this case to the trial court for re-sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court of Davidson Court is Affirmed in Part and Reversed and Remanded in Part**

SMITH, J., delivered the opinion of the court, in which HAYES, J., and OGLE, J. joined.

Jeffrey A. DeVasher, Assistant Public Defender, and Ralph Newman, Assistant Public Defender, Nashville, Tennessee, for appellant Arcenta Van Harrison.

Paul G. Summers, Attorney General and Reporter, and David H. Findley, Assistant Attorney General, Nashville, Tennessee, for appellee, State of Tennessee

### OPINION

In June 1998, the appellant pled guilty to three (3) counts of theft over $500 and two (2) counts of theft over $1,000. The trial court sentenced the appellant to concurrent terms of four (4) years for each count of theft over $500 and eight (8) years for each count of theft over $1,000. The appellant's

sentences were to be served in community corrections. In November, the state issued a warrant alleging that the appellant had violated the terms of his community corrections sentence. Namely, the warrant alleged that the appellant failed to report with his case officer as required and failed to "attend Drug Court status check."

At the revocation hearing, the appellant conceded that he violated the terms of his alternative sentence as alleged in the warrant. The appellant claimed that he suffered a lapse of judgment and pleaded with the court for a second chance. At the conclusion of the proof, the trial court revoked the appellant's community corrections sentence. Although no sentencing hearing was held, the trial court then re-sentenced the appellant to an effective sentence of nine (9) years incarceration.

From the trial court's ruling, the appellant now brings this appeal.

## II.

The appellant argues that the trial court erred in revoking his community corrections. Specifically, he claims that the violations alleged in the warrant were not so severe as to warrant complete revocation of his community corrections sentence.

In a revocation proceeding, the state has the burden of proving the violation by a preponderance of the evidence. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). A trial court may revoke a defendant's community corrections sentence "at any time due to the conduct of the defendant . . . and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed." Tenn. Code Ann. § 40-36-106(e)(4). Before the trial court may revoke community corrections, the record must contain sufficient evidence to permit the court to make an intelligent and conscientious decision. State v. Harkins, 811 S.W.2d at 82. On appeal, the trial court's order revoking a community corrections sentence is subject to reversal only upon a showing of an abuse of discretion. Id. In order for this Court to find an abuse of discretion, we must determine that the record contains no substantial evidence sufficient to support the trial judge's conclusion that the appellant violated the terms of his sentence. Id.

At the beginning of the revocation hearing, the appellant conceded that he had violated the terms of his probation. A trial court has the authority to revoke a defendant's community corrections sentence when he violates the conditions of that sentence. *See* Tenn. Code Ann. § 40-36-106(e)(4). Thus, the record fully supports the trial court's determination that the appellant violated the terms of his sentence, and the trial court did not abuse its discretion in revoking the appellant's community corrections sentence.

This issue has no merit.

## III.

In his next issue, the appellant alleges that the trial court erred in re-sentencing him to an effective sentence of nine (9) years incarceration. He asserts that the trial court failed to conduct an appropriate sentencing hearing under the Criminal Sentencing Reform Act of 1989. Thus, he maintains that this Court must remand this case to the trial court for a proper sentencing hearing. We must agree.

Under Tenn. Code Ann. § 40-36-106(e)(4), after revoking a defendant's community corrections sentence, the trial court has the authority to re-sentence the defendant. A sentence imposed pursuant to this provision may exceed the length of the sentence initially imposed by the trial court without offending principles of double jeopardy under the federal and state constitutions. State v. Griffith, 787 S.W.2d 340, 341-42 (Tenn. 1990). However, "when a trial court opts to impose a sentence which exceeds the length of the initial sentence based on a breach of the terms of the sentence, the trial court must conduct a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act of 1989." State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996); *see also* State v. Cooper, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998). As a result, if the trial court enhances the original sentence, the court must state on the record its reasons for imposing a new sentence. State v. Ervin, 939 S.W.2d at 583.

In the present case, the trial court did not conduct a sentencing hearing prior to enhancing the appellant's sentence to nine (9) years incarceration. At the conclusion of the revocation hearing, the trial judge considered the appellant's lengthy criminal history and stated, "I increase his sentence to nine years to the Department of Corrections and sentence him to serve every day of it."

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The trial court did not follow the guidelines set forth in the 1989 Sentencing Act, nor did it address the purposes or sentencing considerations of the Act. Moreover, with the exception of finding that the appellant had a prior criminal history under Tenn. Code Ann. § 40-35-114(1), the trial court did not make the required findings of fact with respect to enhancement and mitigating factors. Finally, we also note, as conceded by the State, that nine years is beyond the statutorily mandated sentence for a Range II offender convicted of a Class E felony. The maximum sentence for such a conviction is four years. We assume the trial court intended the imposition of a nine year sentence to apply only to the Range III sentences for the Class D felonies of which the appellant was convicted, however the record is not clear on this point. On remand and following an appropriate sentencing hearing, if any sentence increase is imposed, the trial court should specify on the record which convictions are the subject of increased sentence.

## IV.

The trial court failed to conduct a proper sentencing hearing prior to increasing appellant's sentence following revocation of community corrections. Accordingly, we must reverse the trial court's judgment as to the increase in the appellant's sentence and remand this case to the trial court for a new sentencing hearing.