IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2002

## STATE OF TENNESSEE v. CORNELIUS DEVON HICKS

**Appeal from the Humboldt Law Court for Gibson County**
**No. H 6873     Clayburn Peeples, Judge**

---

**No. W2002-00334-CCA-R3-CD  - Filed September 27, 2002**

---

The Appellant, Cornelius Devon Hicks, appeals the sentencing decision of the Humboldt Law Court enlarging his community corrections sentence following revocation. Hicks argues on appeal that it was error to increase his sentence from eight to ten years, when no proof was introduced at the revocation hearing supporting an increased sentence and the trial court made no findings to justify the ten-year sentence. After review, we agree. Accordingly, the trial court's re-sentencing order is reversed, and this case is remanded to the trial court for a new sentencing hearing.

**Tenn. R. App. P. 3; Judgment of the Humboldt Law Court Reversed; Remanded for New Sentencing Hearing.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

Periann S. Houghton, Assistant Public Defender, Trenton, Tennessee, for the Appellant, Cornelius Devon Hicks.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General; and Garry Brown, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On November 11, 2000, the Appellant pled guilty in the Humboldt Law Court of Gibson County to one count of class B felony sale of cocaine. Under the terms of the plea agreement, the Appellant received an eight-year community corrections sentence, with the first six months of the sentence to be served in the Gibson County Jail.

On May 15, 2001, a *capias* was issued for the Appellant based on his alleged violation of the conditions of his behavioral contract. At the hearing on December 17, 2002, the community corrections case officer testified to numerous violations of the Community Corrections Behavioral Contract.[1] The Appellant freely admitted that he had committed the violations. He believed, however, that he deserved a second chance because he was a "changed man." The Appellant explained that the violations occurred because he was "stressed out" and had "family problems."

Following the hearing, the trial court revoked the Appellant's placement in the local community corrections program and re-sentenced him to a term of ten years, with service of the sentence in the Department of Correction.

**Analysis**

The Appellant acknowledges that, upon revocation of his community corrections sentence, the trial court had the authority to re-sentence him "for any period of time up to the maximum sentence provided for the offense committed." Tenn. Code Ann. § 40-36-106(e)(4). Moreover, as argued by the Appellant on appeal, decisions of this court have held that, "[W]hen a trial court opts to impose a sentence which exceeds the length of the initial sentence based on a breach of the terms of the sentence, the trial court must conduct a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act of 1989." *State v. Ervin*, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996); *see also State v. Cooper*, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998). A trial court must state its reasons for imposing a sentence on the record. Tenn. Code Ann. §§ 40-35-209(c), -210(f), (g) (1997 and Supp. 2001). Tenn. Code Ann. § 40-35-209(c) provides in part that the record of the sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based." The provisions of the statute do not permit the trial court to arbitrarily establish the length of the new sentence. *State v. Keith F. Batts*, No. 01-C-01-9210-CR-00326 (Tenn. Crim. App. at Nashville, Feb. 18, 1993). The statute should not be used by trial courts for the sole and exclusive purpose of punishing an accused for violating the provisions of a community corrections sentence. *Id.*

In conducting a review of the sentence imposed by the trial court, this court is guided by certain well-established principles. Our review of the sentence is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directive, there is no presumption of correctness and our review is *de novo*. *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997). However, an appellate court cannot review either the length or method of serving a sentence unless the findings of the trial court are contained in the record. *Batts*, No. 01-C-01-9210-CR-00326.

---

[1] The violations included: (1) numerous violations of house arrest; (2) failure to maintain permanent employment; (3) failure to pay court costs; (4) testing positive for drugs; (5) failure to report; (6) failure to attend community service work; and (7) failure to pay supervision fees.

In the present case, the trial court failed to conduct a sentencing hearing prior to enlarging the Appellant's sentence from eight to ten years. At the conclusion of the revocation hearing, the trial judge entered the following pronouncement with regard to re-sentencing: "[I]n view of the numerous and substantial violations which you have admitted to, that your sentence should be increased from eight years to ten years and I order that done." The trial court failed to address any sentencing considerations, including mitigating or enhancing factors, which might have been applicable. *See State v. Mell Thomas Bruton*, No. M1999-00956-CCA-R3-CD (Tenn. Crim. App. at Nashville, Apr. 7, 2000) (for proper application of enhancing factors). The absence of a sentencing hearing obviously precludes our statutorily mandated *de novo* review of the ten-year sentence. As such, we remand to the trial court for re-sentencing.

## CONCLUSION

For the above stated reasons, we reverse the trial court's sentencing decision enlarging the Appellant's sentence from eight to ten years and remand this case to the trial court for a new sentencing hearing in accordance with statutory sentencing principles.

_____
DAVID G. HAYES, JUDGE