IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2004

## STATE OF TENNESSEE v. JOHNNY ARWOOD

**Appeal from the Circuit Court for Jefferson County**
**Nos. 6828 & 6829      O. Duane Slone, Judge**

_____

### No. E2004-00319-CCA-R3-CD - Filed December 9, 2004

_____

After the Jefferson County Circuit Court revoked his probation, the defendant, Johnny Arwood, agreed to consecutive sentences in exchange for being placed back on probation. In this appeal, the defendant contends that the trial court erred by imposing consecutive sentences without first conducting a sentencing hearing or ordering a presentence report. We vacate the trial court's judgments and remand the case for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Vacated and Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Edward C. Miller, District Public Defender, for the appellant, Johnny Arwood.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and Charles L. Murphy, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The resolution of this case is the result of the record's lack of clarity regarding whether the trial court imposed a sentence of probation or community corrections. The record reflects that the defendant, Johnny Arwood, pled guilty on January 31, 2000, to theft of property over ten thousand dollars, a Class C felony; theft of property over one thousand dollars, a Class D felony; and two counts of simple drug possession, both Class A misdemeanors. The plea agreement reflects that the defendant agreed to a ten-year sentence as a Range III offender, with the sentence suspended to 365 days with the "balance on community corrections supervised probation." According to the judgment form filed February 12, 2000, the Jefferson County Circuit Court sentenced the defendant to ten years for each theft count and eleven months, twenty-nine days for each misdemeanor, ordering that all sentences be served concurrently for an effective sentence of ten years. The special conditions

section of the judgment provided that 365 days were to be served in confinement with the "balance in the Community Corrections Program (supervised)" and that "restitution is a specific requirement of probation." The judgment also contains an "X" in the box marked "Community Based Alternative," with regard to the sentence.

The defendant was released from confinement on September 9, 2000. On November 2, 2001, the state filed a motion to resentence him, alleging that the defendant "violated his Community Corrections Probation" by committing a new offense, using an intoxicant, and failing to report to his probation officer. In an amended judgment filed December 27, 2001, the trial court found the defendant guilty of violating his "Community Corrections Probation" and ordered that he serve the balance of his ten-year sentences in confinement.

Approximately one year later, the defendant petitioned for early release and agreed to consecutive sentences, for an effective sentence of twenty years, in exchange for resentencing. The trial court's "Order" and the "Waiver of Jury Trial and Guilty Plea," both filed November 12, 2002, state that the defendant agreed to be resentenced under the "community corrections act." The plea agreement, signed November 12, 2002, also states that the defendant agreed to resentencing under the Community Corrections Act, but adds that the state agreed to recommend to the court "community corrections supervised probation." In a "Final Judgment and Order" filed November 12, 2002, the trial court ordered the defendant "placed back on supervised probation" and "Community Corrections" for a "net sentence" of twenty years. The special conditions section of the amended judgment, filed December 5, 2002, states that the defendant agreed to be resentenced under "the Community Corrections Act" and that his sentence was suspended to "Community Corrections supervised probation."

On April 7, 2003, the state filed a "Violation of Community Corrections" affidavit, alleging that the defendant was arrested for public intoxication and possession of drug paraphernalia. On May 8, 2003, the trial court found the defendant guilty of a second probation violation and ordered him to serve the balance of his twenty-year sentence in confinement. The judgment states that the defendant committed a "Community Corrections violation" and "second violation of probation." He was awarded "credit pursuant to jail records and community corrections records." On June 19, 2003, the defendant filed a motion requesting that the trial court reconsider its sentencing order. The trial court denied the motion after a hearing on January 26, 2004. The defendant appealed.

The defendant contends that the trial court erred by resentencing him to consecutive ten-year terms without first conducting a sentencing hearing or ordering a presentence investigation. The state responds that the trial court did not resentence the defendant, but merely ordered that he serve the balance of his twenty-year sentence after he violated the terms of his plea agreement and that a hearing was not required.

The defendant is correct in his premise that revocation of a community corrections sentence and subsequent resentencing entitles him to a hearing. A trial court has the power, upon revocation of a community corrections sentence, to resentence a defendant to a period of incarceration up to the

maximum for the offense originally committed. T.C.A. § 40-36-106(e)(4). The trial court may impose a sentence greater than the original sentence without offending the Double Jeopardy Clause of either the United States Constitution or Tennessee Constitution. State v. Griffith, 787 S.W.2d 340, 341-42 (Tenn. 1990). The Tennessee Criminal Sentencing Reform Act and the Community Corrections Act are in pari materia. State v. Taylor, 744 S.W.2d 919, 920 (Tenn. Crim. App. 1987). Consequently, the trial court must conduct a sentencing hearing pursuant to the principles of the 1989 Sentencing Reform Act, as amended. State v. Cooper, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998). Relative to the sentencing hearing, the record "shall include specific findings of fact upon which application of the sentencing principles was based." T.C.A. § 40-35-209(c). The purpose of the statutory requirements is to ensure that a proper record is made for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

The record's lack of clarity, however, concerning the defendant's sentence creates a potential problem. In this regard, we note State v. Joe W. France, No. E2003-01293-CCA-R3-CD, Jefferson County (Tenn. Crim. App. July 19, 2004), in which the defendant was sentenced to twelve years, suspended to twelve months with the balance on "community corrections supervised probation." The judgment reflects that after the trial court found that he had violated the conditions of his probation, the defendant agreed to be resentenced to twenty years, suspended to "community corrections supervised probation." The defendant committed another community corrections violation, and the trial court ordered him to serve the balance of his twenty-year sentence in prison. On appeal, the defendant argued that even though he agreed to the sentence modification, he was entitled to a sentencing hearing before his sentence was increased.

This court stated that a formal sentencing hearing is not required when a defendant concedes that he violated the terms of the community corrections sentence and elects to accept, knowingly and voluntarily, an increased sentence by agreement with the state. France, slip op. at 4. It noted the twenty-year prison sentence in France would require a hearing and formal resentencing because it constituted a new sentence, which had to be supported by statutory enhancement factors. Id. at 5; see also State v. Crook, 2 S.W.3d 238 (Tenn. Crim. App. 1998). The court, however, interpreted the terminology used in the judgments to mean the defendant's alternative sentence was "probation," rather than a community corrections sentence. Noting that probation could not be granted for a twelve-year sentence, the court concluded the judgments provided for illegal sentences and set aside the defendant's conviction.

A trial court's authority varies in revocation proceedings depending on whether the case before it involves probation or a community corrections sentence. A trial court, upon revoking a community corrections sentence, "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed . . . ." T.C.A. § 40-36-106(e)(4). By contrast, a trial court revoking probation has the authority to extend the period of probation supervision for a period not to exceed two years; order execution of the original judgment; or, if the violation resulted in an additional conviction, order the new sentence to be served consecutively to the original judgment. T.C.A. §§ 40-35-308(c), -310, -311; State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). It cannot resentence the defendant.

We also note that as a condition of probation, a defendant can be placed into a community corrections program. T.C.A. § 40-36-106(f).

In the instant appeal, the record is unclear whether the sentence received was probation, to be supervised in the community corrections program, or a community corrections sentence. The judgments filed on February 12, 2000, state the defendant shall serve "the balance in the community corrections program (supervised)," and the box marked "Community Based Alternative" is checked. However, the defendant's plea agreement states that the balance shall be served on "community corrections supervised probation." The state's subsequent motion for resentencing avers that the defendant violated his "Community Corrections Probation." The resulting amended judgments filed December 27, 2001, state that the defendant was "guilty of violation of community corrections probation." The court's "Final Judgment and Order" filed November 12, 2002, in response to defendant's petition for early release, placed the defendant "back on supervised probation" and "community corrections."

We believe that the trial court intended a sentence under the Community Corrections Act. Community Corrections may also be a condition of probation. Resentencing for longer periods of time would only be proper in cases involving community corrections sentences. If the ten-year sentences in this case involved probation, they would be invalid because no form of probation may be granted unless a defendant is sentenced to "eight years or less." T.C.A. § 40-35-303(a). On the other hand, if the defendant's sentences were community corrections sentences, resentencing would be proper, but the trial court must proceed in accordance with the revocation proceedings and resentencing procedures as outlined in the Community Corrections Act.

In sum, we observe that the trial court's use of language renders the judgments problematic. The terms "probation," "community corrections," "community corrections supervised probation," and "community corrections (supervised)" were used interchangeably to describe the defendant's sentence on multiple court documents, including the judgments. Because we cannot determine from the record the manner of sentences intended by the trial court, we conclude that the trial court must determine whether the defendant's sentences were being served on probation or as community corrections sentences. If it is determined that the defendant's sentences were imposed under the Community Corrections Act, he is entitled to a sentencing hearing pursuant to the principles of the 1989 Sentencing Reform Act. If the sentences were for probation, then all the judgments reflecting ten-year sentences would be invalid. We vacate the judgments and remand the case to the trial court for further proceedings consistent with this opinion.

_____
JOSEPH M. TIPTON, JUDGE