# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 22, 2010

## STATE OF TENNESSEE v. TAJ O'CHANCEY YOUNG

**Appeal from the Circuit Court for Robertson County**
**No. 08-0619    John H. Gasaway, III, Judge**

**No. M2009-02318-CCA-R3-CD - Filed July 26, 2010**

As a result of a guilty plea, the Robertson County Circuit Court, sentenced Appellant, Taj O'Chancey Young, to an effective sentence of four years. The sentence was ordered to be served on community corrections. Appellant was placed under the supervision of a case officer on March 20, 2009. On June 29, 2009, the case officer filed a violation warrant. A second amended violation warrant was filed on August 28, 2009, asserting additional grounds. After a hearing on the warrants, the trial court revoked Appellant's community corrections sentence and ordered Appellant to serve the remainder of his sentence in incarceration. Appellant has appealed the revocation of his community corrections sentence. After a thorough review of the record, we conclude that the trial court did not abuse its discretion in revoking the community corrections sentence. Therefore, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Roger E. Nell, District Public Defender, and Ann M. Kroeger, Assistant District Public Defender, for the appellant Taj O'Chancey Young.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; John Carney, District Attorney General, and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

On March 20, 2009, Appellant pleaded guilty to one count of felony reckless endangerment, two counts of facilitation of aggravated robbery, one count of driving under the influence, and one count of misdemeanor possession of a schedule II drug. The trial court sentenced him to an effective sentence of four years to be served in Community Corrections. On June 29, 2009, Mr. David Cardillo, Appellant's case officer, filed a Community Corrections Violation Report. In the report, Mr. Cardillo stated the violations occurred through Appellant's "Failure to report for the month of June 2009, failure to remain drug free, testing positive for TCH 4.28.9, failure to observe curfew, absent on 6.6.09, 6:30 PM, curfew being at 6:00 P.M. . . . ." On August 28, 2009, Mr. Cardillo filed an amended Community Corrections Violation Report. In his report he stated that additional violations had occurred through Appellant's "Failure to remain arrest free, having been arrested by Robertson County, Charged with 2 incidents of Driving on Revoked, and Evading Arrest, 4.3.9, 7.29.9; Failure to Appear 8.6.9 . . . ."

On October 9, 2009, the trial court held a hearing on Appellant's community corrections violations. Mr. Cardillo testified that he was assigned Appellant's case on March 20, 2009. Appellant was to report weekly on Tuesday. Appellant reported weekly, however, he did not always report on Tuesday according to the schedule in place. His last visit with Mr. Cardillo was on May 26, 2009. From that point, Mr. Cardillo neither heard from nor saw Appellant. Mr. Cardillo did not file a violation warrant right away; he wanted to give Appellant some time to appear. However, by June 29, 2009, Appellant had missed four reporting appointments. Mr. Cardillo also stated that Appellant tested positive for marijuana at an April 28, 2009 drug test. Mr. Cardillo told Appellant that the remedy was to attend AA meetings. Appellant never showed Mr. Cardillo that he attended any AA meetings. Mr. Cardillo testified that there were several instances where Appellant had violated his curfew, but Mr. Cardillo only formally complained of the curfew violation that occurred on June 6, 2009. Mr. Cardillo also testified that Appellant was arrested on June 29, 2009, for evading arrest and driving on a revoked license. Appellant pled guilty to both offenses on September 9, 2009.

Appellant also testified at the hearing. Appellant stated that he stopped reporting at the end of May because he became homeless at that time. He stated that he, his girlfriend, and her four children had been staying at his grandfather's house, but his grandfather did not want them in the house any longer. When his grandfather asked them to leave, they began staying at different houses of various people. At the hearing, Appellant stated that they had just found a home on Woodland Street. He admitted that he had not contacted Mr. Cardillo to inform him that he was homeless. Appellant stated that he had told Mr. Cardillo that the only place for him to stay was in Madison. Appellant stated that he asked Mr. Cardillo to have his community corrections transferred to Nashville. Appellant stated that he lives with his girlfriend and her four children. He also has three children of his own, and he must pay child support for them. Before being arrested, Appellant was

working at the Golden Living Center. With regard to his marijuana usage, Appellant testified that outpatient treatment would be helpful.

On cross-examination, Appellant stated that he had been in jail before, and it was not a good place to be. Appellant testified that he had moved into the house on Woodland Street the third week of June, but he had not informed Mr. Cardillo nor did he start reporting. Appellant stated that he did not go to Mr. Cardillo because Appellant had been told by his uncle that Mr. Cardillo had already filed a violation warrant. Appellant admitted that he began working at the Golden Living Center the last week of May or the first week of June. Even while working near Mr. Cardillo's office, he did not report. Appellant admitted that he knew he should report to Mr. Cardillo every Tuesday. Appellant also stated that when he was arrested in July for evading arrest and driving with a revoked license he had run from the police because every time he had been charged with driving on a revoked license he has gone to jail.

At the conclusion of the hearing, the trial court set out the evidence presented at the hearing that supported all of Mr. Cardillo's allegations from the community corrections violation warrant. The trial court stated, "[Appellant] has not demonstrated for any length of time that he can be a compliant person, that he can obey the rules and regulations; in fact, . . . he's not only not done the things that he's required to do, he's gone beyond that and committed new crimes." The trial court ordered Appellant to serve the remainder of his four-year sentence in confinement. The trial court reduced this decision to writing in an order filed October 30, 2009. Appellant filed a timely notice of appeal.

## ANALYSIS

Appellant's sole issue on appeal is that the trial court erred in revoking his community corrections sentence. Appellant argues that he had "substantially complied" with his community corrections sentence the first three months and was attempting to do so the third month. The State disagrees.

The Community Corrections Act of 1985 was designed to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community-based alternatives to incarceration." T.C.A. § 40-36-103. The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. *State v. Griffith*, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements, however, the defendant is not necessarily entitled to a community corrections sentence as a matter of law or right. *State v. Taylor*, 744 S.W.2d 919 (Tenn. Crim. App. 1987).

Once a defendant violates the terms of his community corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration.

T.C.A. § 40-36-106(e)(4). In other words, the trial court may conduct a sentencing hearing, and may impose a greater sentence than the original sentence. *Griffith*, 787 S.W.2d at 342; *State v. Cooper*, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998).

In *State v. Harkins*, 811 S.W.2d 79 (Tenn. 1991), our supreme court ruled that a community corrections sentence is so similar to a probationary sentence as to require the application of the same standard of review. Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e); *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated the terms of his sentence. *Harkins*, 811 S.W.2d at 82 (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978)); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001)(quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). It is incumbent upon the trial judge to exercise a conscientious and intelligent judgment. *See State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

We conclude that the trial court did not abuse its discretion by revoking Appellant's Community Corrections Sentence. Appellant has failed to show that there is a lack of substantial evidence to support the trial court's determination that he failed to report for the month of June 2009, failed a drug test, violated curfew, and was arrested for driving on a revoked license and evading arrest . There was more than sufficient evidence presented at the revocation hearing to support the trial court's conclusions.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

-4-