# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 11, 2011

## STATE OF TENNESSEE v. KENNY LAMONT MCGEE

### Appeal from the Circuit Court for Moore County
### No. 1103 & 1146    Robert Crigler, Judge

---

### No.  M2010-00978-CCA-R3-CD - Filed April 18, 2011

---

In January 2009, the Moore County Grand Jury indicted Appellant, Kenny LaMont McGee for three counts of aggravated sexual battery.  Appellant pled guilty to two counts of attempted aggravated sexual battery.  Pursuant to the plea agreement Appellant was ordered to serve an effective sentence of twelve years on community corrections.  In January 2010, the Moore County Grand Jury indicted Appellant for violation of the Sexual Offender Registration and Monitoring Act.  In February 2010, Appellant's community corrections officer filed an affidavit alleging that Appellant had violated the conditions of the community corrections sentence.  Appellant pled guilty to the violation of the Sexual Offender Registration and Monitoring Act.  Following a hearing, the trial court revoked Appellant's community corrections sentence and ordered him to serve the twelve-year sentence in confinement.  In addition, the trial court sentenced Appellant to two years and six months for his violation of the Sexual Offender Registration and Monitoring Act and ordered the sentence to be served consecutively to the twelve-year sentence.  After a thorough review of the record, we affirm the trial court's revocation of the community corrections sentence.  However, we vacate the consecutive sentence, order the new sentence to be served concurrently to the prior imposed sentence and remand for entry of a corrected judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed in Part; Vacated in Part; and Remanded.

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant Kenny Lamont McGee.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Mike McCowen, District Attorney General, and Hollyn Eubanks, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On April 24, 2009, Appellant pled guilty to two counts of attempted aggravated sexual battery. Pursuant to the plea agreement, Appellant was sentenced to two, consecutive six-year sentences for an effective sentence of twelve years. He was placed on community corrections for the length of his sentence.

On January 22, 2010, the Moore County Grand Jury indicted Appellant for violation of the Sexual Offender Registration and Monitoring Act based upon his failure to report within seven days before and no later than seven days after his birthday on November 19. On February 3, 2010, Jason Wallace, Appellant's community corrections officer, filed an affidavit alleging that Appellant had violated the terms of his community corrections sentence by: incurring a new charge, failing to do community service work, failing to pay supervision fees, failing to obtain a psychosexual evaluation, failing to pay any court costs, and failing to maintain employment and submit proof of employment.

On February 19, 2010, Appellant pled guilty to a violation of the Sexual Offender Registration and Monitoring Act. On April 23, 2010, the trial court held a hearing on Appellant's community corrections violations and to determine the sentence for the violation of the Sexual Offender Registration and Monitoring Act following revocation.

Mr. Wallace was the first witness at the hearing. He stated that Appellant had been reporting regularly. However, he had never presented proof of participating in community service, proof of payment of supervision fees or court costs, or proof of employment or any applications for employment. Mr. Wallace also stated that Appellant had not had a psychosexual evaluation done by a medical professional. He stated that Appellant's family paid the fees after the violation allegations were filed with the trial court. Mr. Wallace testified that it was Appellant's responsibility to bring proof that he was completing the conditions of his community corrections sentence.

Appellant also testified at the hearing. He testified that Mr. Wallace never asked him if he was participating in community service work. He stated that he asked for a time sheet to record the work and was saving it up until the end of his sentence to turn it in at one time. Appellant stated that he repeatedly called the doctor to whom he was referred for the psychosexual evaluation. However, the doctor never returned his call. Appellant admitted that he had not been paying his fees or his court costs. He also admitted that he received new criminal charges for violating the Sexual Offender Registration and Monitoring Act.

At the conclusion of the hearing on the revocation of the community corrections sentence and the sentencing for the new charges, the trial court revoked Appellant's community corrections sentence. The trial court found that Appellant failed to obtain a psychosexual evaluation, had done some but not the full 100 hours of community service, failed to pay his fees himself before the warrant or pay his court costs, and "most significantly, he has pled guilty to another offense . . . ." The trial court ordered him to serve the full twelve-year sentence in confinement. The trial court also sentenced Appellant to two years and six months to run consecutively to his previously imposed twelve-year sentence. Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in revoking his community corrections sentence and ordering him to serve his sentence in confinement and in ordering his new two-and-a-half-year sentence to be served consecutively to twelve-year sentence.

## Community Corrections

The Community Corrections Act of 1985 was designed to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community-based alternatives to incarceration." T.C.A. § 40-36-103. The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. *State v. Griffith*, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements, however, the defendant is not necessarily entitled to a community corrections sentence as a matter of law or right. *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Once a defendant violates the terms of his community corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration.

T.C.A. § 40-36-106(e)(4). In other words, the trial court may conduct a sentencing hearing, and may impose a greater sentence than the original sentence. *Griffith*, 787 S.W.2d at 342; *State v. Cooper*, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998).

In *State v. Harkins*, 811 S.W.2d 79 (Tenn. 1991), our supreme court ruled that a community corrections sentence is so similar to a probationary sentence as to require the application of the same standard of review. 811 S.W.2d at 82. Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e); *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated the terms of his sentence. *Harkins*, 811 S.W.2d at 82 (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief can be granted only when "'the trial court's logic and reasoning was improper when viewed in the light of the factual circumstances and relevant legal principles involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). It is incumbent upon the trial judge to exercise a conscientious and intelligent judgment. *See State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

We conclude that the trial court did not abuse its discretion in revoking Appellant's community corrections sentence. Appellant has failed to show that there is a lack of substantial evidence to support the trial court's determination that: he incurred a new charge, for which he pled guilty, failed to complete his community service work, failed to pay supervision fees, failed to obtain a psychosexual evaluation, and failed to pay any court costs. There was more than sufficient evidence presented at the revocation hearing to support the trial court's conclusions.

### Consecutive Sentence

The State concedes that the trial court erred in ordering the two-and-a-half-year sentence to be served consecutively to the twelve-year sentence. Under Tennessee Code Annotated section 40-35-115(b)(6), if a defendant is sentenced for an offense that is committed while the defendant is on probation, that is sufficient reason to order consecutive sentences. However, in the case at hand, Appellant was on community corrections not probation. As pointed out by the State, our supreme court has stated, "the legislature did not intend a community corrections sentence and a probation sentence to be equivalents for purposes of consecutive sentencing under Tenn. Code Ann. § 40-35-115(b)(6)." *State v. Pettus*, 986 S.W.2d 540, 544 (Tenn. 1999).

Furthermore, unlike the *Pettus* case, there is no other basis upon which to base a consecutive sentence. Appellant's only prior offense, other than those for which he was on community corrections, is for failure to use a seatbelt/child restraint. Clearly, this is not sufficient to support the imposition of a consecutive sentence for his violation of the Sexual Offender Registration and Monitoring Act. Therefore, we must vacate the consecutive sentence, order the sentence to be served concurrently to the previously imposed sentence, and remand for entry of a corrected judgment.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's revocation of Appellant's community corrections sentence, but vacate the consecutive sentence, order the sentence to be served concurrently to the previously imposed sentence, and remand for entry of a corrected judgment.

_____
JERRY L. SMITH, JUDGE