# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 29, 2012

## STATE OF TENNESSEE v. JOHNNY MARVIN HIGHSMITH II

**Appeal from the Circuit Court for Blount County**
**Nos. C-19318, 19, 20     David R. Duggan, Judge**

---

### No.  E2011-01581-CCA-R3-CD - Filed August 20, 2012

---

On January 31, 2011, Appellant, Johnny Marvin Highsmith, II, entered guilty pleas to one count each of theft of property over $1,000, identity theft, and theft of property over $500 with an effective sentence of eight years.  He was placed on community corrections with all but 165 days of his sentence suspended.  The trial court issued a violation of community corrections warrant on May 2, 2011, and amended that warrant on June 3, 2011.  The trial court held a hearing and revoked Appellant's community corrections sentence and ordered that he serve his original sentence in incarceration.  On appeal, Appellant argues that the trial court abused its discretion in ordering him to serve his sentence in incarceration.  After a thorough review of the record, we determine that the trial court did not abuse it discretion.  Therefore, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROGER A. PAGE, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Johnny Marvin Highsmith, II.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Mike Flynn, District Attorney General; and Betsy Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

On January 31, 2011, Appellant entered guilty pleas to one count each of theft of property over $1,000, identity theft, and theft of property over $500.  Pursuant to his guilty

plea, Appellant was sentenced to an effective sentence of eight years as a Range II, multiple offender. All but 165 days of the sentence was suspended with the remainder to be served on community corrections. The trial court entered an alternative sentencing order on February 28, 2011.

On May 2, 2011, the trial court issued violation of community corrections warrant. The alleged violations were testing positive for and admitting use of controlled substances on three occasions, failing to follow treatment requirement of calling in-patient programs, and failing to appear for a random drug screen. On June 3, 2011, the trial court amended the warrant because of two new violations, new charges for criminal impersonation and a charge for violation of curfew.

On July 11, 2001, the trial court held a hearing on the violations. Appellant's community corrections officer testified at the hearing. He testified that Appellant tested positive for drugs on three occasions and that Appellant signed an admission of that fact in the officer's presence for two of the occasions. Shortly after the third failed drug screen, the community corrections officer called Appellant in for a random drug screen. Appellant never came. Also, Appellant failed to call recommended treatment centers to see if there was room for him. Finally, the community corrections officer discovered that Appellant had been arrested on May 31 for criminal impersonation.

Appellant also testified at the hearing. He admitted that he failed the drug screens because he was using drugs and that he was addicted to medicines that would be termed pain-killers or opiates. He stated that his convictions for which he was sentenced to community corrections stemmed from his need to support his habit. Appellant admitted that the personnel at the community corrections office gave him the information for treatment centers, but he could not contact them because he did not have access to a fax machine. He stated that he did not appear for the random drug screen because he went to work instead. He also explained that the criminal impersonation charge stemmed from an incident where he was high and was pulled over by police. Because he knew there was a warrant out for his arrest based upon his previous community corrections violations, he gave the officers his father's social security number.

At the conclusion of the hearing, the trial court determined that the State had proven the grounds presented for violation of the community corrections sentence. Therefore, the trial court revoked Appellant's community corrections sentence and ordered Appellant to serve his sentence in incarceration with credit for time served. Appellant appeals from this revocation.

## ANALYSIS

On appeal, Appellant does not argue that the trial court abused its discretion by revoking Appellant's community corrections sentence but should have ordered Appellant to serve his sentence with "some further split confinement followed by mandatory in-patient drug abuse treatment . . . ."

The Community Corrections Act of 1985 was designed to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." T.C.A. § 40-36-103(1). The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. *State v. Griffith*, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements, however, the defendant is not necessarily entitled to a community corrections sentence as a matter of law or right. *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Once a defendant violates the terms of his community corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration.

T.C.A. § 40-36-106(e)(4). In other words, the trial court may conduct a sentencing hearing and may impose a greater sentence than the original sentence. *Griffith*, 787 S.W.2d at 342; *State v. Cooper*, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998).

In *State v. Harkins*, 811 S.W.2d 79 (Tenn. 1991), our supreme court ruled that a community corrections sentence is so similar to a probationary sentence as to require the application of the same standard of review. Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e); *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the

defendant must show that there is no substantial evidence to support the determination that he violated the terms of his sentence. *Harkins*, 811 S.W.2d at 82 (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978)); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). It is incumbent upon the trial judge to exercise a conscientious and intelligent judgment. *See State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

A community corrections sentence may be revoked based upon pending charges. *State v. Andrew B. Edwards*, No. W1999-01095-CCA-R3-CD, 2000 WL 705309, at *3 (Tenn. Crim. App., at Jackson, May 26, 2000), *perm. app. denied,* (Tenn. Sept. 11, 2000). However, the mere fact of an arrest or an indictment cannot be the sole basis for the revocation. *Id.* The State must provide evidence "in order to establish the . . . commission of another offense." *Id.* In other words, the State must produce evidence "to establish that the defendant committed the offense with which he has been charged." *State v. Lontrell Williams*, No. W2009-00275-CCA-R3-CD, 2009 WL 3518171, at *3 (Tenn. Crim. App., at Jackson, Oct. 30, 2009).

At the hearing, Appellant's community corrections officer set out the various violations committed by Appellant. When Appellant testified, he admitted all of the violations, including the fact that he used his father's social security number for identification when he was pulled over by police officers. We conclude that there is ample evidence to support the trial court's conclusion that Appellant violated the terms of his sentence under community corrections. Therefore, the trial court did not abuse its discretion in revoking the community corrections sentence.

Appellant argues that the trial court abused its discretion in ordering him to serve his entire sentence instead of ordering a sentence of split confinement. As stated above, the trial court "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed." T.C.A. § 40-36-106(e)(4). Appellant argues that the imposition of incarceration was an abuse of discretion because Appellant had been reporting regularly and only had one incident of arrest for criminal impersonation. We do not find this argument proof of an abuse of discretion. Within a little over three months, Appellant already had multiple violations of his probation. In addition, within a little over four months he had already been arrested and charged for a new crime. We find ample evidence to support the trial court's order for Appellant to serve his sentence in incarceration.

Therefore, this issue is without merit.

# CONCLUSION

For the foregoing reasons, we affirm the trial court's decision to revoke Appellant's community corrections sentence and order his to serve his original sentence in incarceration.

_____
JERRY L. SMITH, JUDGE