IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 22, 2005

## STATE OF TENNESSEE v. CHARLES BALDWIN

**Appeal from the Criminal Court for Davidson County**
**No. 2003-A-148 & 2003-A-344   Cheryl Blackburn, Judge**

---

**No. M2005-00546-CCA-R3-CD - Filed December 16, 2005**

---

The appellant, Charles Baldwin, pled guilty to two counts of theft over $10,000. The trial court sentenced the appellant as a Range II offender to concurrent sentences of eight years on each count. The trial court ordered nine months in incarceration followed by community corrections. After violating the conditions of community corrections, the trial court increased the appellant's sentence from eight years on each conviction to ten years on each conviction. The trial court ordered the appellant to serve thirty days of the increased sentence in incarceration before being placed back on community corrections. After the appellant violated the conditions of community corrections for a second time, the trial court simply reinstated the appellant to community corrections. Subsequently, a third violation warrant was issued against the appellant. The trial court determined that the appellant violated, for the third time, the conditions of community corrections and re-sentenced the appellant to ten years on each conviction to be served consecutively in the Department of Correction. The appellant filed a timely notice of appeal challenging the trial court's decision to increase his sentence and order incarceration. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and DAVID G. HAYES, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Charles Baldwin.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Rob McQuire and Angie Dalton, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On January 28, 2003, the Davidson County Grand Jury indicted the appellant on one count of theft of property less than $500 and one count of theft over $10,000 but less than $60,000. On February 21, 2003, the Davidson County Grand Jury returned a multi-count indictment against the appellant, charging him with three counts of theft of property less than $500, one count of theft of property over $10,000 but less than $60,000, and one count of felon in possession of a firearm.

Subsequently, the appellant pled guilty to two counts of theft of property over $10,000, but less than $60,000. As a result of the guilty pleas, the trial court sentenced the appellant as a Range II multiple offender to two concurrent sentences of eight years. The trial court ordered the appellant to serve nine months in incarceration and the balance of the sentence on community corrections. The remaining charges were dismissed.

On September 19, 2003, a warrant was issued against the appellant for violating the conditions of his community corrections sentence. According to the warrant, the appellant failed to report to his case officer and received a citation for driving on a suspended license while on community corrections. The appellant conceded the violation and the trial court sustained the violation on November 12, 2003. As a result, the trial court increased the appellant's original sentences to ten years. The trial court also ordered the appellant to spend thirty days in incarceration prior to his release back to community corrections.

Subsequently, on January 30, 2004, a second warrant was issued against the appellant for again violating the conditions of his community corrections sentence. According to the second warrant, the appellant failed to report to his case officer and was arrested in Slidell, Louisiana, for simple burglary, illegal carrying of a weapon, possession of a firearm, felon in possession of a firearm, resisting an officer, injuring public records, five counts of illegal possession of stolen things, eleven counts of vehicular burglary, eleven counts of theft of property, two counts of fraudulent use of a credit card, ten counts of vandalism, and driving on a suspended license. The appellant again conceded the violation and the trial court sustained the violation. As a result, the trial court reinstated the appellant's community corrections sentence for a period of ten years.

On December 3, 2004, a third warrant was issued against the appellant, again alleging a violation of his community corrections sentence. The warrant alleged that the appellant failed to report to his case officer, tested positive for cocaine, and was arrested in Davidson County for seven counts of burglary of a motor vehicle, evading arrest, possession of burglary tools, and possession of drugs without a prescription. The trial court held a hearing on the warrant.

At the hearing, Jamie Eubanks, the appellant's fiancee, testified that she and the appellant lived together prior to his incarceration. She described the appellant as a person with "major" mood swings who also has a problem with drugs and alcohol. Ms. Eubanks informed the court that the appellant's father is currently incarcerated and his mother was recently released from confinement. The appellant lived intermittently with his aunt as a child. Ms. Eubanks claimed that the appellant

was not a violent person and that she trusted the appellant to live with her and her children if he was released.

The appellant testified that he was twenty-five years old and had been using drugs since he was a teenager. The appellant informed the court that he began using prescription drugs at age ten. The appellant claimed that he had not undergone any drug treatment because he has no insurance. The appellant stated that he completed the sixth grade and went out on his own at the age of thirteen. The appellant also informed the court that his mother has been arrested ninety-six times and his father has been arrested fifty-six times. The appellant testified that he worked in the past for Pepsi and Wilson Sporting Goods.

According to the appellant, his aunt and siblings live nearby. The appellant stated that he grew up in an environment that was both mentally and physically abusive. The appellant testified that he recognized his past actions as wrong and expressed hope that his behavior would improve with proper drug abuse treatment. The appellant claimed that his various thefts were motivated by his drug addiction.

On cross-examination, the appellant admitted that he violated his community corrections sentence in November of 2003. He agreed to the violation and knew that as a result his sentence was increased from eight to ten years. The appellant admitted that in 2003, he knew that his sentence could be increased. The appellant informed the court that this was his third violation and that he was currently on probation in another county. Further, the appellant testified that he was on probation in another county and was arrested in November of 2004 for eight car burglaries.

At the conclusion of the hearing, the trial court sustained the violation and re-sentenced the appellant as a Range II multiple offender to ten years on each count to be served consecutively in the Department of Correction. The appellant filed a timely notice of appeal. On appeal, the appellant argues that the trial court's abused its discretion in re-sentencing him to two consecutive ten-year sentences in incarceration.

Analysis

On appeal, the appellant argues that the trial court improperly imposed consecutive sentences upon revoking his probation. Specifically, the appellant contends that the length of the sentence was not "justly deserved in relation to the seriousness of the offense" and that the trial court failed to take into consideration numerous mitigating factors that applied to the appellant. The State counters that the record supports the judgment of the trial court.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the

sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

The Community Corrections Act of 1985 was designed to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community-based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements, however, the defendant is not necessarily entitled to a community corrections sentence as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987).

Once a defendant violates the terms of his community corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). In other words, the trial court may conduct a sentencing hearing, and may impose a greater sentence than the original sentence. Griffith, 787 S.W.2d at 342; State v. Cooper, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998). To that end, consecutive sentences may be ordered if the trial court determines by a preponderance of the evidence that:

> (1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
> (2) The defendant is an offender whose record of criminal activity is extensive;
> (3) The defendant is a dangerous mentally abnormal person . . . ;
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor . . . ;
> (6) The defendant is sentenced for an offense committed while on probation; or
> (7) The defendant is sentenced for criminal contempt.

-4-

Tenn. Code Ann. § 40-35-115(b).

In State v. Harkins, 811 S.W.2d 79 (Tenn.1991), our supreme court ruled that a community corrections sentence is so similar to a probationary sentence as to require the application of the same standard of review. Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)). It is incumbent upon the trial judge to exercise a conscientious and intelligent judgment. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In the case herein, the trial court heard the testimony at the revocation hearing and commented:

> Since he is at the top of the range if Range II on two C felonies, really the only issue, two issues I have, are these sentences to be concurrent with each other, consecutive, and/or is there any alternative sentence available to him.
>
> I mean, you may say he is on his way to becoming a career criminal. You know, somebody at his age who has 13 prior felony convictions, I mean, he doesn't get out of custody any sooner than he gets right back in, all for about the same thing. Auto burglary, aggravated burglary, theft, theft, prior convictions. He has been in this court before. Sixteen prior misdemeanor convictions. The report says that he has had one year and one month of legitimate employment throughout his entire life.
>
> To suggest to this Court that he hasn't had an opportunity to attend any treatment is ludicrous. Not only was he at CCA for nine months, but if he is on Community Corrections, that is part of it, and he knows it. I know it, and he tested positive for cocaine in the past.
>
> First of all, let's deal with the alternative sentence. He is not a good candidate for that. He has been on Community Corrections in Wilson County, Montgomery County, Dickson County, Davidson County. He has been a dismal failure at it, and he is not going to have that opportunity again because he just is not capable of following any rules outside confinement.

Now consecutive or concurrent, the issues that I have to look at have to do with whether he is a - - I have to find one of the particular factors, and I've lost my list here. Hang on just a second. Here we go.

In order to - - and it is 40-35-115, in order for sentences to run consecutively, I must find evidence or preponderance of the evidence of the following, and there are seven listed.

I won't go through them all because there are two that qualify the defendant; one is that he is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood. That is crystal clear from this report. A year of legitimate employment, and he had done nothing but steal from other people.

He is an offender whose record of criminal activity is extensive. There is absolutely no question that somebody at his age who has 13 prior felony convictions, as well as 16 misdemeanor convictions, is an offender with criminal activity which is extensive, and that doesn't even cover any juvenile record that I don't have in front of me, so that being said, I don't believe I have to find the Wilkerson factors, but in case it is necessary, for the record, I believe a 20-year sentence reasonably relates to the severity and is absolutely necessary to protect the public from further conduct by this defendant. He will absolutely not obey the rules of society.

The record does not preponderate against the judgment of the trial court. The evidence presented at the hearing established that, in addition to the present offenses, the twenty-five-year-old appellant had convictions for criminal impersonation, six convictions for driving on a suspended license, five convictions for theft of property, nine convictions for auto burglary, two convictions for credit card fraud, aggravated assault, drug possession, aggravated burglary, and use of stolen plates. Further, the appellant admitted that he violated the conditions of his community corrections sentence. The appellant argues that the trial court failed to consider as mitigators his youth and the fact that the crimes did not threaten or cause serious bodily injury. The trial court specifically commented on the appellant's youth and outstanding number of criminal convictions in making its sentencing determination. The trial court also determined that, due to the extensive criminal activity of the appellant, consecutive sentences were necessary to "protect the public from further conduct by this defendant" because the appellant could not "obey the rules of society." The appellant had numerous chances to fulfill his sentence on community corrections and chose instead to continue to lead a life of crime. We determine that the trial court properly ordered the appellant to serve two consecutive ten-year sentences and did not abuse its discretion.

-6-

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE