IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 12, 2006

## STATE OF TENNESSEE v. MARCELL CARTER

**Appeal from the Circuit Court for Madison County**
**No. 04-877   Donald H. Allen, Judge**

---

**No. W2006-00215-CCA-R3-CD  - Filed October 13, 2006**

---

The appellant, Marcell Carter, pled guilty to a violation of the bad check law, Tennessee Code Annotated section 39-14-121. The trial court sentenced the appellant to four years to be served on Community Corrections. Subsequently, a warrant was filed against the appellant alleging a failure to abide by several conditions of his Community Corrections sentence. After a series of hearings, the trial court removed the appellant from Community Corrections and re-sentenced him to four years in the Tennessee Department of Correction. On appeal, the appellant argues that the trial court abused its discretion. Because we determine that the trial court properly revoked the appellant's Community Corrections sentence and resentenced the appellant, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee, for the appellant, Marcell Carter.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General;Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On December 6, 2004, the Madison County Grand Jury indicted the appellant with a violation of the bad check law, Tennessee Code Annotated section 39-14-121, for a check the appellant wrote in excess of $1,000. On March 28, 2005, the appellant pled guilty to the charge. The trial court sentenced the appellant to a four-year Community Corrections sentence.

On December 28, 2005, the Madison County Department of Community Corrections filed a warrant alleging that the appellant failed to abide by the conditions of his Community Corrections sentence. The warrant specifically alleged that the appellant:

(1) failed to report to Community Corrections as ordered by the Court. [The appellant] has only reported one time since being placed on Community Corrections;
(2) Failed to complete an Alcohol and Drug Assessment as ordered by the Court;
(3) Failed to pay Court costs and Restitution as ordered by the Court.

The trial court held a revocation hearing on the warrant on January 9, 2006. At that hearing, the appellant asserted that he was already being supervised out of the Madison County General Sessions court for various misdemeanor offenses and that his probation officer was Micah Star. The appellant stated he was paying off restitution and court costs through the General Sessions court at a rate of $150 per month, but he asked the General Sessions clerk to increase his payments to $300 per month. The appellant stated that he was under the assumption that the additional $150 would be paid to Circuit Court on the bad check felony charge. The appellant also understood that his four-year sentence would be added onto his current supervision period with Ms. Star.

Clint Murley of the Madison County Community Corrections Office testified that he did not know about the appellant's felony conviction until the victim contacted the District Attorney's office concerning restitution payments. At that time, Mr. Murley examined the judgments in the appellant's record and realized that the appellant should have been under supervision from March of 2005 to the time of the hearing in January of 2006. The trial court then continued the hearing in order to hear further testimony from Ms. Star.

On January 10, 2006, the trial court held another revocation hearing. During that hearing, Ms. Star testified that the appellant did not inform her of his felony conviction in Circuit Court. Ms. Star stated that the appellant reported sporadically for his scheduled office visits on his misdemeanor charges. Ms. Star also understood that Mr. Murley attempted to set an initial appointment with the appellant in November of 2005, but that the appellant missed the meeting.

The appellant again insisted that he thought "paperwork" would be done that would transfer his felony Community Corrections supervision to Ms. Star. At the conclusion of the proof, the trial court continued the matter so that Ms. Star could take out a warrant against the appellant in General Sessions Court for receiving a new felony conviction while he was under misdemeanor supervision.

On January 23, 2006, the trial court revoked the appellant from Community Corrections. The trial court made the following findings of fact and conclusions of law:

Okay. In this case, [the appellant] has failed to follow the rules of Community Corrections' sentence in that he has failed to report to his Community Corrections' officer as directed. This Court specifically ordered him to report either the day of March the 28th or the following day to the probation office, Community

-2-

Corrections' office, so that he could get signed up and be supervised on this four year sentence. He failed to do that. He also failed to complete an alcohol and drug assessment as ordered by this Court. That's what he agreed to do within 30 days of his being convicted, and he as of now still has not completed the alcohol and drug assessment as ordered. He has also failed to pay on the court costs and restitution as ordered which he agreed to pay $100 each month to the Circuit Court clerk's office so that the restitution and court costs could be paid. He has not paid anything in this case.

Now, it is pretty obvious to this Court that the reason [the appellant] did not get signed up for Community Corrections back in March of '05 is because he was already on probation out of General Sessions court and if he had reported correctly, obviously the General Sessions Court would have been made aware that he had received a new felony conviction while on probation. I understand why [the appellant] didn't want another officer to know that he had been convicted of a felony while on probation. So, obviously he has failed to follow the rules of the Community Corrections Program. The Court is going to remove him from the Community Corrections Program.

Also what the Court is going to do, I am resentencing him today. The reason I'm resentencing him is because he basically never reported. He never reported to Community Corrections on this case. This warrant was not issued until December the 15th of 2005 and the reason it was not issued until then is because he simply never reported as he was directed by this Court to do. So basically he absconded or failed to report from March 28th of '05 until December the 15th of '05, so the court is not going to give him credit off this four year sentence. I am hereby resentencing him on this violation of bad check law. He is being resentenced. He is ordered to serve four years in the Tennessee Department of Corrections. He'll get credit for whatever jail time he's served in this case. I want him to get the credit for jail, but I'm not giving him any kind of street time credit because he didn't earn it. He wasn't doing anything that this Court ordered him to do back on March 28th, 2005, so he will be sent to the Tennessee Department of Corrections. He is obviously not a good candidate for Community Corrections placement because he won't even report as I ordered him to do.

The appellant filed a timely notice of appeal. On appeal, he argues that the trial court abused its discretion in revoking his Community Corrections sentence.

## Analysis

The appellant argues that the trial court erred in revoking his Community Corrections sentence and in resentencing him. Specifically, the appellant argues that there was no testimony to "contradict" the appellant's assertions that his misdemeanor probation officer would receive notice

of his new conviction and continue to supervise him for both existing misdemeanor convictions as well as the felony check charge. The State argues that the trial court had a substantial basis for the revocation.

The Community Corrections Act of 1985 was designed to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community-based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements, however, the defendant is not necessarily entitled to a community corrections sentence as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987).

Once a defendant violates the terms of his community corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). In other words, the trial court may conduct a sentencing hearing, and may impose a greater sentence than the original sentence. Griffith, 787 S.W.2d at 342; State v. Cooper, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998).

In State v. Harkins, 811 S.W.2d 79 (Tenn. 1991), our supreme court ruled that a community corrections sentence is so similar to a probationary sentence as to require the application of the same standard of review. Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated the terms of his sentence. Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)). It is incumbent upon the trial judge to exercise a conscientious and intelligent judgment. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

The record does not preponderate against the judgment of the trial court. The evidence presented at the hearing established that, in addition to the present offenses, the twenty-nine-year-old appellant had eleven misdemeanor convictions for violations of the bad check law in addition to convictions for driving without a license, felony evading arrest, disorderly conduct, failure to appear, speeding, violation of the seat belt law, and violation of the financial responsibility law. At the beginning of the revocation hearing, the appellant admitted that he failed to meet with the proper Community Corrections officer. The appellant then made numerous excuses for his failure to properly report to the Community Corrections office and pay his fines and court costs as ordered by the trial court, but the trial court chose to determine that the appellant's excuses were not valid or justified. In a probation revocation hearing, the credibility of the witnesses is properly determined by the trial judge, who is in the best position to observe witness demeanor. Bledsoe v. State, 387 S.W.2d 811, 814 (Tenn. 1965). The trial court herein obviously discredited the appellant's excuses. After a review of the record, we determine that the trial court in the case herein had a substantial basis for the revocation and did not abuse its discretion in revoking the appellant's Community Corrections sentence and resentencing him to serve his entire four-year sentence in the Tennessee Department of Correction. This issue is without merit.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

<br>

JERRY L. SMITH, JUDGE